F. THOMAS EDWARDS ESQ.
Nevada Bar No. 9549
E-mail: tedwards@nevadafirm.com
JOHN J. PICTUM III, ESQ.
Nevada Bar No. 15979
E-mail: jpictum@nevadafirm.com
HOLLEY DRIGGS
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone: 702/791-0308

*Attorneys for Defendant,*
*University Medical Center of Southern Nevada*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LOUIS LEPERA, an individual;<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA; EMPLOYEES(S) / AGENT(S) DOES 1 through 10; and ROE CORPORATIONS 11 through 20, inclusive;<br><br>Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL OF ACTION FROM THE EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY, NEVADA, TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, PURSUANT TO 28 U.S.C. §§ 1331, 1441, and 1446.** |

**TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant University Medical Center of Southern Nevada ("UMC"), by and through the law firm of Holley Driggs, hereby files this Notice of Removal of the state court action filed in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-22-858057-C ("State Court Action") to the United States District Court for the District of Nevada, and in support thereof states the following grounds for removal:

1. On July 17, 2022, Plaintiff Louis Lepera ("Plaintiff"), filed a Complaint (the "Complaint") against Defendants in the State Court Action. A true and accurate copy of the Complaint is attached hereto as **Exhibit A**. Defendant has not been formally served with the Complaint or any summons.

12384-09/2842161_2.docx

2. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction."

3. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. In the instant matter, Plaintiff's Complaint alleges a violation of 29 U.S.C. § 623, a federal law.

5. Thus, pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's Complaint.

6. Moreover, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law claim in Plaintiff's Complaint for defamation because it is so related to the claim in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**TIMING**

7. The thirty (30) day-time limit to remove a matter to federal court as established by 28 U.S.C. § 1446(b) commences upon the defendant being notified of the action and brought under a court's authority through "formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Mann v. Bank of N.Y. Mellon Corp.*, 2017 U.S. Dist. LEXIS 11036, at *4 (D. Nev. Jan. 25, 2017); *Sharpless v. Geico Ins. Co.*, 2016 U.S. Dist. LEXIS 159462, at *5 (D. Nev. Nov. 16, 2016).

8. On September 7, 2022, Plaintiff filed its Complaint.

9. Because Defendant has not received formal service of process, Defendant has satisfied the timing requirement of the statute for removal of this action set forth 28 U.S.C. § 1446(b)(1).

**CONCLUSION**

10. Based on the foregoing, this action is a civil action of which the United States District Court for the District of Nevada has original jurisdiction under 28 U.S.C. § 1331, supplemental jurisdiction under 28 U.S.C. § 1367, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

11. Defendant voluntarily appears in this action for purposes of removal, but reserves all objections, arguments, and defenses to Plaintiff's Complaint. Thus, this Notice of Removal is filed subject to, and with a reservation of rights, by Defendant, including, but not limited to, defenses and objections to venue, improper service of process, personal jurisdiction, failure to state a claim, and any other defenses Defendant might pursue through motion or pleading. Defendant will file a responsive pleading or motion to the Complaint in accordance with Rule 81 of the Federal Rules of Civil Procedure.

12. Copies of the following documents filed in the State Court Action are attached hereto: Complaint (**Exhibit A**); and Initial Appearance Fee Disclosure (**Exhibit B**).

13. The only processes, pleadings, and orders that have been filed in the State Court Action are attached as Exhibits A-B. Accordingly, copies of all processes, pleadings, and orders have been submitted with this Notice of Removal.

14. Defendant will promptly file a copy of this Notice of Removal with the Eighth Judicial District Court, Clark County, Nevada, and will promptly serve same on counsel for Plaintiff, pursuant to 28 U.S.C. § 1446(d).

15. Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant respectfully provides this Notice of Removal, removing this action from the Eighth Judicial District Court, Clark County, Nevada, to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

DATED this 7th day of October, 2022.

**HOLLEY DRIGGS**

*/s/ F. Thomas Edwards*
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
JOHN J. PICTUM III, ESQ.
Nevada Bar No. 15979
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
*Attorneys for Defendant,*
*University Medical Center of Southern Nevada*

- 3 -

# EXHIBIT "A"



Electronically Filed
9/7/2022 6:50 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
JEFFREY GRONICH, ATTORNEY AT LAW, P.C.
Jeffrey Gronich, Esq. (#13136)
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
Tel:   (702) 430-6896
Fax:   (702) 727-3903
jgronich@gronichlaw.com
*Attorney for Plaintiff Louis Lepera*

CASE NO: A-22-858057-C
Department 8

### EIGHTH JUDICIAL DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| LOUIS LEPERA an individual;<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA; EMPLOYEE(S) / AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive;<br><br>Defendants. | Case No.<br>Dept.:<br><br><br>**COMPLAINT** |

### COMPLAINT

COMES NOW Plaintiff Louis Lepera, ("Lepera" or "Plaintiff") by and through his attorney of record Jeffrey Gronich, Esq., and hereby complains of Defendant University Medical Center of Southern Nevada ("UMC" or "Defendant") as follows:

### PARTIES

1.     Plaintiff is and was at all times relevant a resident of Clark County, state of Nevada.

2.     Plaintiff is informed and believes and thereon alleges that at all times relevant, Defendant UMC is and was at all time relevant a government run hospital owned and operated by the Clark County Commission, and conducting business in Clark County, state of Nevada.

3.     At all times relevant, Defendant was Plaintiff's employer as such term is defined in 42 U.S.C. §2000e *et. seq.*, 42 U.S.C. §12111 *et seq.*, 29 U.S.C. §630 *et. seq.*, and NRS Chapter

Page 1 of 8

613 *et. seq.*

4. At all times relevant, Plaintiff was an employee of Defendants as that term is defined in 42 U.S.C. §2000e *et. seq.*, 42 U.S.C. §12111 *et seq.*, 29 U.S.C. §630 *et. seq.*, and NRS Chapter 613 *et. seq.*

5. Based upon information and belief, Defendant had the ability and authority to hire and terminate Plaintiff; supervise and control his employment; and determine his rate and method of payment.

6. The true names and capacities, whether individual, corporate, associate or otherwise of other Defendants hereinafter designated as Does 1-10 and Roe Corporations 11-20, inclusive, who are in some manner responsible for the injuries described herein, who are Plaintiffs' employer, are unknown to Plaintiffs at this time who therefore sues said Defendants by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiffs' claims because the acts and omissions of the Defendant occurred in Clark County, Nevada and Plaintiffs' damages exceed $15,000.00.

8. This Court also has jurisdiction over Plaintiffs' claims because the claims arise under the laws of the State of Nevada.

9. The Court also has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. §12117, 29 U.S.C. §626, and 42 U.S.C. §2000e-5 which state in relevant part that this action may be maintained in any Federal or State court of competent jurisdiction

## PROCEDURAL REQUIREMENTS

10. Plaintiff has satisfied all administrative and procedural requirements necessary to maintain this lawsuit.

11. Plaintiff timely filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within the requisite time frame provided under 29 U.S.C. §2000e-5(e), having filed a charge of discrimination on November 10, 2021. A true copy of Plaintiff's Charge of Discrimination is attached hereto as Exhibit I. Such allegations of Exhibit I are hereby incorporated into this Complaint.

12. On or about June 10, 2022, the EEOC issued Plaintiff a notice that his charge had been forwarded to the U.S. Department of Justice for Action, but that any claim under the Age Discrimination in Employment Act must be brought within 90 days of that notice. A copy of this Notice is attached hereto as Exhibit II. This Complaint has been timely filed within 90 days of Plaintiff's receipt of such Notice.

## FACTUAL ALLEGATIONS

13. Plaintiffs repeat and realleges all the allegations contained in Paragraphs 1 through 12 of this Complaint as though fully set forth herein.

14. Plaintiff was hired by UMC on or about November 29, 2004 as a Security Officer.

15. Plaintiff's last position with UMC was as the Director of Public Safety.

16. Beginning in or about 2016, Plaintiff was subjected to sexual harassment by his supervisor, Carissa Ray when Plaintiff was assigned to directly report to her.

17. Specifically, she would engage in inappropriate touching during work time, sending inappropriate text messages of a sexual nature to Plaintiff's personal cellular phone, and making sexual advances upon Plaintiff.

18. Plaintiff declined those sexual advances and requested that Ray cease the inappropriate behavior on multiple occasions, but she continued the harassment.

19. Moreover, she threatened Plaintiff's job if he revealed her behavior or reported her.

20. In early April of 2021, Plaintiff reported the inappropriate conduct to Defendant's

COO, Tony Marinello.

21. As part of that report, Plaintiff requested that he be transferred to work directly under Marinello instead of Ray because the harassment had become unbearable.

22. Marinello then informed Ray of Plaintiff's allegations about her harassment.

23. Plaintiff also reported the harassment to Human Resource Director, Kurt Houser.

24. Houser, who had a close friendship with Ray, declined to investigate the allegations or take any action against Ray.

25. In mid-April of 2021, approximately two weeks after he reported the harassment, Plaintiff was moved to be a direct report to Marinello instead of Ray.

26. Around the same time, Ray threatened Plaintiff's employment and demanded that he provide security access to a temporary employee for an area which that individual was not authorized for without approval from Marinello, which he did not have.

27. Plaintiff declined to grant her that access.

28. Over the next few weeks, Plaintiff noticed that Ray initiated discussions with one of Plaintiff's subordinates, Larry Anderson and Defendant's EEO coordinator, Anna Caputo.

29. On June 2, 2021, Plaintiff was notified by Marinello that he was being suspended pending an investigation regarding a complaint against him by Anderson for gender discrimination and sexual harassment.

30. On June 10, 2021, Plaintiff was scheduled for an investigatory interview regarding those allegations against him.

31. At that interview, Plaintiff denied all wrongdoing. No specific evidence of wrongdoing was ever presented to him.

32. Plaintiff provided witnesses to corroborate his denial of wrongdoing. To his knowledge, none of those witnesses were interviewed or contacted about the investigation.

33. At 9:00 am on June 14, 2021, less than 12 working hours after his interview, Plaintiff received an email that the findings of the investigation supported the allegation.

34. Plaintiff was thus terminated from his employment.

35. At the time of his termination, Plaintiff was 55 years old.

36. Also at the time of his termination, Plaintiff suffered from diabetes and associated neuropathy which Defendant was aware of.

37. To Plaintiff's knowledge, when he was terminated, the individual who took over his duties was about 40 years old (in his late 30s or early 40s) and did not suffer from diabetes or neuropathy.

38. That individual was not qualified to hold the official title of Director, and thus was considered the "acting" director for approximately a year until he qualified for the title.

39. Since his termination, Plaintiff has attempted to find other work but has been unsuccessful.

40. On multiple occasions, Plaintiff has received job interviews and been at the final stage of candidacy for employment from prospective employers, but then either had offers rescinded or declined after they received information about his prior employment from Defendant.

41. Plaintiff has reason to believe that UMC has been providing false and defamatory information to his prospective employers which cause them to decline Plaintiff employment.

**FIRST CLAIM FOR RELIEF**
**AGE DISCRIMINATION**
**29 U.S.C. §623 et. seq. / NRS 613.330**

42. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 41 of this complaint as though fully set forth herein.

43. At the time he was terminated from employment, Plaintiff was 55 years old.

Page 5 of 8

44. Plaintiff was terminated from employment based on unsubstantiated allegations of harassment by a subordinate.

45. Defendant failed to perform a proper investigation into the allegation and declined to interview any of Plaintiff's witnesses which would have corroborated his position and shown that he did not engage in the behavior alleged against him.

46. When Plaintiff made similar allegations previously, those allegations were not investigated and no action was taken against his supervisor.

47. Defendant's reasoning for terminating Plaintiff's employment was thus pretextual.

48. To Plaintiff's knowledge, when he was terminated, the individual who took over his duties was about 40 years old (in his late 30s or early 40s) and was not qualified for that position.

49. Plaintiff thus was a member of a protected category who suffered adverse employment action under suspicious or pretextual reasons, and was replaced by someone outside of his protected category who was less qualified than Plaintiff for that position.

50. Defendant has thus discriminated against Plaintiff on the basis of his age in violation of the Age Discrimination in Employment Act.

51. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged in an amount in excess of $15,000.

52. As a further result of Defendant's actions, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

53. Defendant is also guilty of oppression, fraud, or malice, express or implied, as well as a conscious disregard for Plaintiff's rights. Therefore, Plaintiff is entitled to recover punitive damages.

## SECOND CLAIM FOR RELIEF
### DEFAMATION (PER SE)

54. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 53 of this complaint as though fully set forth herein.

55. Following his termination from employment with UMC, Plaintiff attempted to find subsequent employment.

56. On multiple occasions, Plaintiff's prospective employers either rescinded offers of employment or failed to extend offers of employment after speaking with Defendant about Plaintiff's work history.

57. Plaintiff has reason to believe that Defendant provided false and defamatory information to those prospective employers about Plaintiff's lack of fitness for the job.

58. Defendant knew this information to be false, or was negligent in making the statement because such statements were based on unfounded allegations which were not properly investigated.

59. This false and defamatory information caused Plaintiff damages because he has been unable to find subsequent employment since his termination from UMC despite being qualified for the positions.

60. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged in excess of $15,000.00.

61. As a further result of Defendant's actions, Plaintiff has been forced to incur attorney's fees and legal expenses.

62. Defendant is also guilty of oppression, fraud, or malice, express or implied, as well as a conscious disregard for Plaintiff's rights. Therefore, Plaintiff is entitled to recover punitive damages.

### THIRD CLAIM FOR RELIEF
### DISABILITY DISCRIMINATION
### 42 U.S.C. §12111 et. seq. / NRS 613.330

63. RESERVED for future Amendment when Plaintiff receives his Right to Sue on this Claim.

### FOURTH CLAIM FOR RELIEF
### SEXUAL HARASSMENT/DISCRIMINATION
### 42 U.S.C. §2000e et. seq. / NRS 613.330

64. RESERVED for future Amendment when Plaintiff receives his Right to Sue on this Claim.

### FOURTH CLAIM FOR RELIEF
### RETALIATION
### 42 U.S.C. §2000e-3(a) (Title VII) / NRS 613.340

65. RESERVED for future Amendment when Plaintiff receives his Right to Sue on this Claim

**WHEREFORE**, Plaintiffs pray for a judgment against Defendants as follows:

1. For general, special, and consequential damages in excess of $15,000.00;
2. For pre and post judgment interest as allowed by law;
3. For attorneys' fees and costs incurred in this action; and
4. For such other additional relief as the Court deems just and proper.

Dated this 7th day of September, 2022

Respectfully submitted,

By: _____
Jeffrey Gronich, Esq.
Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave. Suite 109
Las Vegas, NV 89104
Tel   (702) 430-6896
Fax   (702) 369-1290

Page 8 of 8

EXHIBIT I

EEOC Form 5 (11/09)

| | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[ ] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br><br>**487-2021-01532** |

**NEVADA EQUAL RIGHTS COMMISSION** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| **MR. LOUIS J LEPERA** | **(702) 338-7199** | **1966** |

Street Address: **2699 AFRICAN VIOLET AVE., HENDERSON, NV 89074**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA** | **501+** | **(702) 383-2000** |

Street Address: **1800 W CHARLESTON BLVD., LAS VEGAS, NV 89102**

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [X] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: **01-01-2016**  Latest: **06-17-2021**

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

**I. On or about November 29, 2004, I was hired by University Medical Center of Southern Nevada as a Security Officer and my last position with the company was Director of Public Safety. Beginning on or about 2016 until 2021, I have been subjected to unwelcome comments and conduct by my supervisor, Carrisa Ray, Associate Administrator, which includes but is not limited to: using sexual comments and inappropriate touching, which resulted in an adverse employment action. I was suspended from June 2, 2021 until June 8, 2021. On or about June 17, 2021, I was discharged. Additionally, I was subjected to unwelcomed comments by Ms. Ray as well regarding my age and disability.**

**II. No reason was given for me why I was subjected to harassment. I was informed that the reason for my discharge was because I lied during an internal investigation.**

**III. I believe I have been discriminated against due to my sex (male), age (55), disability and in retaliation for filing a complaint of discrimination, in violation of Title VII of the Civil Rights**

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Louis J Lepera on 11-10-2021 03:47 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>487-2021-01532 |
|---|---|---|

**NEVADA EQUAL RIGHTS COMMISSION** and EEOC
*State or local Agency, if any*

Act of 1964, as amended, the Americans with Disability Act of 1990, as amended, and the Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Louis J Lepera on 11-10-2021 03:47 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

# EXHIBIT II



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Los Angeles Direct Dial: (213) 785-3090
FAX (213) 894-1118
Website: www.eeoc.gov

Mr. Louis J. Lepera
2699 African Violet Ave.
Henderson, NV 89074

Anna Caputo, Equal Opportunity Program Manager
UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA
1800 W CHARLESTON BLVD
Las Vegas, NV 89102

RE: Charge No: 487-2021-01532

Dear Mr. Louis J. Lepera:

The Commission has received your request for a Notice of Right to Sue in the above-referenced charge. Your request has been forwarded to the U. S. Department of Justice for action. That agency will act on your request as soon as possible and issue the Notice directly to you.

If you have any questions, please write:

Karen L. Ferguson, Supervisory Civil Rights Analyst
USDOJ, CRT, Employment Litigation Section
4 Constitution Square
150 M Street, NE, Rm. 9.514
Washington, DC 20530

Your charge alleged discrimination based on violation of one or more of the following laws:

The Americans With Disabilities Act of 1990 (ADA), The Age Discrimination in Employment Act of 1967 (ADEA) and Title VII of the Civil Rights Act of 1964 (Title VII)

If your charge includes an ADEA basis, please note the following: While Title VII and the ADA bases require the issuance of a Right to Sue before you can bring suit under the law, you obtained the right to sue under the ADEA when you filed your charge, subject to a 60-day waiting period. ADEA suits must be brought **within 90 days** of the date of your receipt of this notice. Otherwise, your right to sue on the above-numbered charge will be lost. Individuals filing EPA claims may proceed directly into court. EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible**.
With the issuance of this letter, the Commission is terminating its process with respect to these charges.

On Behalf of the Commission:

Patricia Kane  Digitally signed by Patricia Kane
Date: 2022.06.10 09:51:16 -07'00'

(FOR)

_____            _____
Christine Park-Gonzalez, Acting District Director     Date
Los Angeles District Office

# EXHIBIT "B"



Electronically Filed
9/7/2022 6:50 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
JEFFREY GRONICH, ATTORNEY AT LAW, P.C.
Jeffrey Gronich, Esq. (#13136)
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
Tel: (702) 430-6896
Fax: (702) 727-3903
jgronich@gronichlaw.com
*Attorney for Plaintiff Louis Lepera*

CASE NO: A-22-858057-C
Department 8

# EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| LOUIS LEPERA an individual; | Case No. |
| Plaintiff, | Dept.: |
| vs. | |
| UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA; EMPLOYEE(S) / AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive; | **INITIAL APPEARANCE FEE DISCLOSURE** |
| Defendants. | |

Pursuant to NRS Chapter 19, filing fees are submitted for parties appearing in the above-captioned action as indicated below:

Louis Lepera, Plaintiff                                         $270.00

TOTAL REMITTED                                         $270.00

Dated this 7th day of September, 2022.

Respectfully submitted,

By: _____
Jeffrey Gronich, Esq.
Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, NV 89104
Tel    (702) 430-6896
Fax   (702) 727-3903

Page 1 of 1