F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
E-mail: tedwards@nevadafirm.com
JOHN J. PICTUM III, ESQ.
Nevada Bar No. 15979
E-mail: jpictum@nevadafirm.com
**HOLLEY DRIGGS**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:    702/791-1912
*Attorneys for University Medical Center*
*of Southern Nevada*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LOUIS LEPERA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, a Political Subdivision of Clark County,<br><br>Defendants. | CASE NO.:    2:22-cv-01699-RFB-BNW<br><br>**UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant University Medical Center of Southern Nevada ("UMC"), by and through the law firm of Holley Driggs, ("Defendant"), hereby responds to Plaintiff's Complaint as follows:

## PARTIES

1.     Answering Paragraph 1 of the Complaint, UMC is without knowledge as to the truth of the matters alleged therein, and upon said grounds, denies the allegations contained therein.

2.     Answering Paragraph 2 of the Complaint UMC admits that it is a county-owned hospital created under NRS Chapter 450 and provides medical services to patients in Clark County, Nevada.

3.     Answering Paragraph 3 of the Complaint, the Paragraph asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, UMC denies the Paragraph.

///

4.      Answering Paragraph 4 of the Complaint, the Paragraph asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, UMC denies the Paragraph.

5.      Answering Paragraph 5 of the Complaint, the Paragraph asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, UMC denies the Paragraph.

6.      Answering Paragraph 6 of the Complaint, UMC is without knowledge as to the truth of the matters alleged therein, and upon said grounds, denies the allegations contained therein.

## JURISDICTION AND VENUE

7.      Answering Paragraph 7 of the Complaint, the Paragraph asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, UMC denies the Paragraph.

8.      Answering Paragraph 8 of the Complaint, the Paragraph asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, UMC denies the Paragraph.

9.      Answering Paragraph 9 of the Complaint, the Paragraph asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, UMC denies the Paragraph.

## PROCEDURAL REQUIREMENTS

10.      Answering Paragraph 10 of the Complaint, the Paragraph asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, UMC denies the Paragraph.

11.      Answering Paragraph 11 of the Complaint, the Paragraph asserts a legal conclusion to which no response is necessary. To the extent a response is necessary, UMC denies the Paragraph.

12.      Answering Paragraph 12 of the Complaint, UMC is without knowledge as to the truth of the matters alleged therein, and upon said grounds, denies the allegations contained therein.

///

**FACTUAL ALLEGATIONS**

13.    UMC repeats and realleges all the allegations contained in the preceding paragraphs of this Answer to Plaintiff's Complaint as though fully set forth herein.

14.    Answering Paragraph 14 of the Complaint, UMC admits the allegations contained therein.

15.    Answering Paragraph 15 of the Complaint, UMC admits the allegations contained therein.

16.    Answering Paragraph 16 of the Complaint, UMC denies the allegations contained therein.

17.    Answering Paragraph 17 of the Complaint, UMC denies the allegations contained therein.

18.    Answering Paragraph 18 of the Complaint, UMC denies the allegations contained therein.

19.    Answering Paragraph 19 of the Complaint, UMC denies the allegations contained therein.

20.    Answering Paragraph 20 of the Complaint, UMC denies the allegations contained therein.

21.    Answering Paragraph 21 of the Complaint, UMC denies the allegations contained therein.

22.    Answering Paragraph 22 of the Complaint, UMC denies the allegations contained therein.

23.    Answering Paragraph 23 of the Complaint, UMC denies the allegations contained therein.

24.    Answering Paragraph 24 of the Complaint, UMC denies the allegations contained therein.

25.    Answering Paragraph 25 of the Complaint, UMC denies the allegations contained therein.

///

12384-09/2874182.docx

26. Answering Paragraph 26 of the Complaint, UMC denies the allegations contained therein.

27. Answering Paragraph 27 of the Complaint, UMC denies the allegations contained therein.

28. Answering Paragraph 28 of the Complaint, UMC denies the allegations contained therein.

29. Answering Paragraph 29 of the Complaint, UMC denies the allegations as characterized therein.

30. Answering Paragraph 30 of the Complaint, UMC denies the allegations as characterized therein.

31. Answering Paragraph 31 of the Complaint, UMC denies the allegations as characterized therein.

32. Answering Paragraph 32 of the Complaint, UMC denies the allegations contained therein.

33. Answering Paragraph 33 of the Complaint, UMC admits the allegations contained therein.

34. Answering Paragraph 34 of the Complaint, UMC admits the allegations contained therein.

35. Answering Paragraph 35 of the Complaint, UMC is without knowledge as to the truth of the matters alleged therein, and upon said grounds, denies the allegations contained therein.

36. Answering Paragraph 36 of the Complaint, UMC denies the allegations contained therein.

37. Answering Paragraph 37 of the Complaint, UMC denies the allegations contained therein as characterized by Plaintiff.

38. Answering Paragraph 38 of the Complaint, UMC denies the allegations contained therein.

39. Answering Paragraph 39 of the Complaint, UMC is without knowledge as to the truth of the matters alleged therein, and upon said grounds, denies the allegations contained therein.

40. Answering Paragraph 40 of the Complaint, UMC denies the allegations contained therein.

41. Answering Paragraph 41 of the Complaint, UMC denies the allegations contained therein.

**FIRST CLAIM FOR RELIEF**
**AGE DISCRIMINATION**
**29 U.S.C. §623 et. seq. / NRS 613.330**

42. UMC repeats and realleges all the allegations contained in the preceding paragraphs of this Answer to Plaintiff's Complaint as though fully set forth herein.

43. Answering Paragraph 43 of the Complaint, UMC is without knowledge as to the truth of the matters alleged therein, and upon said grounds, denies the allegations contained therein.

44. Answering Paragraph 44 of the Complaint, UMC denies the allegations contained therein.

45. Answering Paragraph 45 of the Complaint, UMC denies the allegations contained therein.

46. Answering Paragraph 46 of the Complaint, UMC denies the allegations contained therein.

47. Answering Paragraph 47 of the Complaint, UMC denies the allegations contained therein.

48. Answering Paragraph 48 of the Complaint, UMC denies the allegations contained therein.

49. Answering Paragraph 49 of the Complaint, UMC denies the allegations contained therein.

50. Answering Paragraph 50 of the Complaint, UMC denies the allegations contained therein.

51. Answering Paragraph 51 of the Complaint, UMC denies the allegations contained therein.

///

52.    Answering Paragraph 52 of the Complaint, UMC denies the allegations contained therein.

53.    Answering Paragraph 53 of the Complaint, UMC denies the allegations contained therein.

## SECOND CLAIM FOR RELIEF
### DEFAMATION (PER SE)

54.    UMC repeats and realleges all the allegations contained in the preceding paragraphs of this Answer to Plaintiff's Complaint as though fully set forth herein.

55.    Answering Paragraph 55 of the Complaint, UMC is without knowledge as to the truth of the matters alleged therein, and upon said grounds, denies the allegations contained therein.

56.    Answering Paragraph 56 of the Complaint, UMC is without knowledge as to the truth of the matters alleged therein, and upon said grounds, denies the allegations contained therein.

57.    Answering Paragraph 57 of the Complaint, UMC denies the allegations contained therein.

58.    Answering Paragraph 58 of the Complaint, UMC denies the allegations contained therein.

59.    Answering Paragraph 59 of the Complaint, UMC denies the allegations contained therein.

60.    Answering Paragraph 60 of the Complaint, UMC denies the allegations contained therein.

61.    Answering Paragraph 61 of the Complaint, UMC denies the allegations contained therein.

62.    Answering Paragraph 62 of the Complaint, UMC denies the allegations contained therein.

## THIRD CLAIM FOR RELIEF
### DISABILITY DISCRIMINATION
### 42 U.S.C. §12111 *et. seq.* / NRS 613.330

63.    UMC repeats and realleges all the allegations contained in the preceding paragraphs of this Answer to Plaintiff's Complaint as though fully set forth herein.

64.    UMC denies any allegations of disability discrimination.

**FOURTH CLAIM FOR RELIEF**
**SEXUAL HARASSMENT/DISCRIMINATION**
**42 U.S.C. §2000e *et seq.* / NRS 613.330**

65.    UMC repeats and realleges all the allegations contained in the preceding paragraphs of this Answer to Plaintiff's Complaint as though fully set forth herein.

66.    UMC denies any allegations of sexual harassment/discrimination.

**FOURTH CLAIM FOR RELIEF**
**RETALIATION**
**42 U.S.C. §2000e-3(a) Title VII / NRS 613.340**

67.    UMC repeats and realleges all the allegations contained in the preceding paragraphs of this Answer to Plaintiff's Complaint as though fully set forth herein.

68.    UMC denies any allegations of retaliation.

**AFFIRMATIVE DEFENSES**

1.    UMC denies each and every allegation set forth in Plaintiff's Complaint not otherwise expressly denied herein;

2.    The Complaint fails to state a claim against UMC upon which relief can be granted;

3.    Plaintiff failed to exhaust all required administrative remedies prior to commencing this action;

4.    Plaintiff is barred from obtaining relief against UMC for any claim by reason of the statute of limitations;

5.    Plaintiff is, by his own actions, estopped from asserting any claim against UMC;

6.    Plaintiff has, by his own actions, waived his right to assert any claim against UMC;

7.    Plaintiff has not suffered any damages;

8.    Plaintiff has not suffered any adverse employment action;

9.    Plaintiff consented, in whole or in part, to any action taken by UMC;

10.    Plaintiff failed to use reasonable care to avoid harm;

11. Plaintiff failed to report to UMC any prior alleged improper acts;

12. Plaintiff's damages, if any, are not attributable to any act, conduct, or omission of UMC;

13. Plaintiff failed to take reasonable measures to mitigate his damages, if any, and is therefore barred from recovering any damages from UMC;

14. Plaintiff's damages, if any, were the result of his own conduct;

15. Plaintiff's damages, if any, were caused by an intervening and/or superseding cause;

16. Plaintiff's damages, if any, were caused by the actions or inactions of persons over whom UMC either had no control or for whom UMC is not liable or responsible;

17. Plaintiff's damages, if any, were caused by the actions or inactions of persons acting outside the scope of their employment with UMC;

18. Plaintiff's damages, if any, were contributed to or caused by Plaintiff's own actions or inactions or those of a third party whose negligence was greater than UMC's negligence, if any;

19. Plaintiff's damages, if any, are not reflected by any physical manifestation of symptoms;

20. Plaintiff's damages, if any, are capped by Nevada statute and/or other laws;

21. Plaintiff's claims may be barred by the doctrine of after-acquired evidence;

22. Plaintiff's claims are barred to the extent he failed to file an EEOC charge within the requisite number of applicable days of any alleged discriminatory or retaliatory conduct;

23. Plaintiff's claims should be dismissed to the extent they were not set forth in his administrative charge;

24. UMC is not a state actor as the same is understood and interpreted for purposes of the statutes referenced in Plaintiff's Complaint;

25. UMC at all times acted in good faith and with reasonable grounds for believing it did not violate any law;

26. UMC did not ratify or otherwise approve of any improper or illegal acts of any third party;

27.    All actions complained of by Plaintiff as related to UMC were taken consistent with a business necessity and/or consistent with a bona fide occupational qualification;

28.    All actions complained of by Plaintiff as related to UMC were taken consistent with a bona fide seniority system;

29.    UMC took all actions based upon reasonable and legitimate business considerations other than the age of the employee;

30.    UMC took all actions and set forth all policies reasonable and necessary to prevent any improper acts by its employees conducted within the scope of their employment;

31.    UMC has in place a company-mandated anti-discrimination policy that is reasonably designed and reasonably effectual;

32.    Plaintiff failed to take advantage of any preventative or corrective opportunities provided by UMC;

33.    UMC denies having any wrongful or discriminating motivation with respect to Plaintiff, but asserts that the actions which Plaintiff complains of were taken for lawful reasons independent of any alleged wrongful motivation;

34.    UMC did not make any false or defamatory statements concerning Plaintiff's work history;

35.    Any statement made by UMC concerning Plaintiff's employment was true;

36.    Any statement made by UMC concerning Plaintiff's employment history is protected by the common interest privilege;

37.    UMC is entitled to immunity pursuant to NRS 41.032;

38.    UMC's damages, if any, are limited by NRS 41.035;

39.    UMC is immune from punitive damages pursuant to NRS 42.005;

40.    UMC's damages, if any, are limited by NRS 41.141;

41.    UMC is entitled to qualified immunity;

42.    Plaintiff's claims against UMC are barred in whole or in part by the doctrine of unclean hands and/or laches;

43.    Plaintiff's allegations and preempted by UMC's duties under federal and/or state

law;

44.    All actions complained of by Plaintiff do not constitute legally cognizable adverse employment actions;

45.    It has been necessary for UMC to employ the services of an attorney to defend this Complaint, and reasonable sums should be allowed as and for attorney fees, together with costs expended in this action;

46.    Pursuant to Rule 11 of the Federal Rules of Civil Procedure, at the time of the filing of this Answer to Plaintiff's Complaint, all possible affirmative defenses may not have been alleged inasmuch as insufficient facts and relevant information may not have been available after reasonable inquiry. Therefore, UMC reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation so warrants. UMC incorporates by reference each and every affirmative defense set forth in Federal Rules of Civil Procedure Rule 8(c), as if fully set forth herein. Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defense.

WHEREFORE, UMC prays for relief as follows:

1.    Dismissal of Plaintiff's Complaint with prejudice;

2.    An award of reasonable attorney fees and costs to UMC for the defense of this matter; and

3.    For such other relief as this Court deems reasonable and proper.

DATED this 20th day of December, 2022.

**HOLLEY DRIGGS**


*/s/ F. Thomas Edwards*
F. Thomas Edwards, Esq.
Nevada Bar No. 9549
John J. Pictum III, Esq.
Nevada Bar No. 15979
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
*Attorneys for University Medical Center*
*of Southern Nevada*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically transmitted the above and foregoing **UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA'S ANSWER TO PLAINTIFF'S COMPLAINT** using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

Jeffrey Gronich, Esq.
**JEFFREY GRONICH, ATTORNEY AT LAW, P.C.**
1810 E. Sahara Avenue
Suite 109
Las Vegas, NV 89104
E-mail: jgronich@gronichlaw.com
*Attorney for Plaintiff, Louis Lepera*

DATED this 20th day of December, 2022.

*/s/ Norma S. Moseley*
An employee of HOLLEY DRIGGS

12384-09/2874182.docx