**COMP**
JEFFREY GRONICH, ATTORNEY AT LAW, P.C.
Jeffrey Gronich, Esq. (#13136)
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
Tel:    (702) 430-6896
Fax:    (702) 727-3903
jgronich@gronichlaw.com
*Attorney for Plaintiff Louis Lepera*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LOUIS LEPERA an individual;<br><br>       Plaintiff,<br><br>vs.<br><br>UNIVERSITY MEDICAL CENTER OF<br>SOUTHERN NEVADA;<br><br>       Defendants. | Case No. 2:22-cv-01699-RFB-BNW<br><br>[Proposed] **FIRST AMENDED COMPLAINT** |

## COMPLAINT

COMES NOW Plaintiff Louis Lepera, ("Lepera" or "Plaintiff") by and through his attorney of record Jeffrey Gronich, Esq., and hereby complains of Defendant University Medical Center of Southern Nevada ("UMC" or "Defendant") as follows:

### PARTIES

1.      Plaintiff is and was at all times relevant a resident of Clark County, state of Nevada.

2.      Plaintiff is informed and believes and thereon alleges that at all times relevant, Defendant UMC is and was at all time relevant a government run hospital owned and operated by the Clark County Commission, and conducting business in Clark County, state of Nevada.

3.      At all times relevant, Defendant was Plaintiff's employer as such term is defined in 42 U.S.C. §2000e *et. seq.*, 42 U.S.C. §12111 *et seq.*, 29 U.S.C. §630 *et. seq.*, and NRS Chapter

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 727-3903

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 727-3903

1    613 *et. seq.*

2    4.     At all times relevant, Plaintiff was an employee of Defendants as that term is

3    defined in 42 U.S.C. §2000e *et. seq.*, 42 U.S.C. §12111 *et seq.*, 29 U.S.C. §630 *et. seq.*, and NRS

4    Chapter 613 *et. seq.*

5    5.     Based upon information and belief, Defendant had the ability and authority to hire

6    and terminate Plaintiff; supervise and control his employment; and determine his rate and method

7    of payment.

8    **JURISDICTION AND VENUE**

9    6.     This Court has jurisdiction over Plaintiffs' claims because the acts and omissions

10    of the Defendant occurred in Clark County, Nevada and Plaintiffs' damages exceed $15,000.00.

11    7.     This Court also has jurisdiction over Plaintiffs' claims because the claims arise

12    under the laws of the State of Nevada.

13    8.     The Court also has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C.

14    §12117, 29 U.S.C. §626, and 42 U.S.C. §2000e-5 which state in relevant part that this action may

15    be maintained in any Federal or State court of competent jurisdiction

16    **PROCEDURAL REQUIREMENTS**

17    9.     Plaintiff has satisfied all administrative and procedural requirements necessary to

18    maintain this lawsuit.

19    10.     Plaintiff timely filed his charge of discrimination with the Equal Employment

20    Opportunity Commission ("EEOC") within the requisite time frame provided under 29 U.S.C.

21    §2000e-5(e), having filed a charge of discrimination on November 10, 2021. A true copy of

22    Plaintiff's Charge of Discrimination is attached hereto as Exhibit I. Such allegations of Exhibit I

23    are hereby incorporated into this Complaint.

24    11.     On or about June 10, 2022, the EEOC issued Plaintiff a notice that his charge had

1  been forwarded to the U.S. Department of Justice for Action, but that any claim under the Age

2  Discrimination in Employment Act must be brought within 90 days of that notice. A copy of this

3  Notice is attached hereto as Exhibit II. This Complaint has been timely filed within 90 days of

4  Plaintiff's receipt of such Notice.

5         12.     <RESERVED>

6  **FACTUAL ALLEGATIONS**

7         13.     Plaintiffs repeat and realleges all the allegations contained in Paragraphs 1 through

8  12 of this Complaint as though fully set forth herein.

9         14.     Plaintiff was hired by UMC on or about November 29, 2004 as a Security Officer.

10         15.     Plaintiff's last position with UMC was as the Director of Public Safety.

11         16.     Beginning in or about 2016, Plaintiff was subjected to sexual harassment by his

12  supervisor, Carissa Ray when Plaintiff was assigned to directly report to her.

13         17.     Specifically, she would engage in inappropriate touching during work time,

14  sending inappropriate text messages of a sexual nature to Plaintiff's personal cellular phone, and

15  making sexual advances upon Plaintiff.

16         18.     Plaintiff declined those sexual advances and requested that Ray cease the

17  inappropriate behavior on multiple occasions, but she continued the harassment.

18         19.     Moreover, she threatened Plaintiff's job if he revealed her behavior or reported her.

19         20.     In early April of 2021, Plaintiff reported the inappropriate conduct to Defendant's

20  COO, Tony Marinello.

21         21.     As part of that report, Plaintiff requested that he be transferred to work directly

22  under Marinello instead of Ray because the harassment had become unbearable.

23         22.     Marinello then informed Ray of Plaintiff's allegations about her harassment.

24         23.     Plaintiff also reported the harassment to Human Resource Director, Kurt Houser.

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896  FAX: (702) 727-3903

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 727-3903

24.     Houser, who had a close friendship with Ray, declined to investigate the allegations or take any action against Ray.

25.     In mid-April of 2021, approximately two weeks after he reported the harassment, Plaintiff was moved to be a direct report to Marinello instead of Ray.

26.     Around the same time, Ray threatened Plaintiff's employment and demanded that he provide security access to a temporary employee for an area which that individual was not authorized for without approval from Marinello, which he did not have.

27.     Plaintiff declined to grant her that access.

28.     Over the next few weeks, Plaintiff noticed that Ray initiated discussions with one of Plaintiff's subordinates, Larry Anderson and Defendant's EEO coordinator, Anna Caputo.

29.     On June 2, 2021, Plaintiff was notified by Marinello that he was being suspended pending an investigation regarding a complaint against him by Anderson for gender discrimination and sexual harassment.

30.     On June 10, 2021, Plaintiff was scheduled for an investigatory interview regarding those allegations against him.

31.     At that interview, Plaintiff denied all wrongdoing. No specific evidence of wrongdoing was ever presented to him.

32.     Plaintiff provided witnesses to corroborate his denial of wrongdoing. To his knowledge, none of those witnesses were interviewed or contacted about the investigation.

33.     At 9:00 am on June 14, 2021, less than 12 working hours after his interview, Plaintiff received an email that the findings of the investigation supported the allegation.

34.     Plaintiff was thus terminated from his employment.

35.     At the time of his termination, Plaintiff was 55 years old.

36.     Also at the time of his termination, Plaintiff suffered from diabetes and associated

1    neuropathy which Defendant was aware of.

2        37.    To Plaintiff's knowledge, when he was terminated, the individual who took over

3    his duties was about 40 years old (in his late 30s or early 40s) and did not suffer from diabetes or

4    neuropathy.

5        38.    That individual was not qualified to hold the official title of Director, and thus was

6    considered the "acting" director for approximately a year until he qualified for the title.

7        39.    Since his termination, Plaintiff has attempted to find other work but has been

8    unsuccessful.

9        40.    On multiple occasions, Plaintiff has received job interviews and been at the final

10    stage of candidacy for employment from prospective employers, but then either had offers

11    rescinded or declined after they received information about his prior employment from

12    Defendant.

13        41.    Plaintiff has reason to believe that UMC has been providing false and defamatory

14    information to his prospective employers which cause them to decline Plaintiff employment.

**FIRST CLAIM FOR RELIEF**
**AGE DISCRIMINATION**
**29 U.S.C. §623 *et. seq.* / NRS 613.330**

17        42.    Plaintiff repeats and realleges all of the allegations contained in paragraphs 1

18    through 41 of this complaint as though fully set forth herein.

19        43.    At the time he was terminated from employment, Plaintiff was 55 years old.

20        44.    Plaintiff was terminated from employment based on unsubstantiated allegations of

21    harassment by a subordinate.

22        45.    Defendant failed to perform a proper investigation into the allegation and declined

23    to interview any of Plaintiff's witnesses which would have corroborated his position and shown

24    that he did not engage in the behavior alleged against him.

Page 5 of 13

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896  FAX: (702) 727-3903

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 727-3903

46.     When Plaintiff made similar allegations previously, those allegations were not investigated and no action was taken against his supervisor.

47.     Defendant's reasoning for terminating Plaintiff's employment was thus pretextual.

48.     To Plaintiff's knowledge, when he was terminated, the individual who took over his duties was about 40 years old (in his late 30s or early 40s) and was not qualified for that position.

49.     Plaintiff thus was a member of a protected category who suffered adverse employment action under suspicious or pretextual reasons, and was replaced by someone outside of his protected category who was less qualified than Plaintiff for that position.

50.     Defendant has thus discriminated against Plaintiff on the basis of his age in violation of the Age Discrimination in Employment Act.

51.     As a direct and proximate result of Defendant's actions, Plaintiff has been damaged in an amount in excess of $15,000.

52.     As a further result of Defendant's actions, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

53.     Defendant is also guilty of oppression, fraud, or malice, express or implied, as well as a conscious disregard for Plaintiff's rights. Therefore, Plaintiff is entitled to recover punitive damages.

## SECOND CLAIM FOR RELIEF
### DEFAMATION (PER SE)

54.     Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 53 of this complaint as though fully set forth herein.

55.     Following his termination from employment with UMC, Plaintiff attempted to find subsequent employment.

56.     On multiple occasions, Plaintiff's prospective employers either rescinded offers of

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896  FAX: (702) 727-3903

1  employment or failed to extend offers of employment after speaking with Defendant about

2  Plaintiff's work history.

3      57.    Plaintiff has reason to believe that Defendant provided false and defamatory

4  information to those prospective employers about Plaintiff's lack of fitness for the job.

5      58.    Defendant knew this information to be false, or was negligent in making the

6  statement because such statements were based on unfounded allegations which were not properly

7  investigated.

8      59.    This false and defamatory information caused Plaintiff damages because he has

9  been unable to find subsequent employment since his termination from UMC despite being

10  qualified for the positions.

11      60.    As a direct and proximate result of Defendant's actions, Plaintiff has been damaged

12  in excess of $15,000.00.

13      61.    As a further result of Defendant's actions, Plaintiff has been forced to incur

14  attorney's fees and legal expenses.

15      62.    Defendant is also guilty of oppression, fraud, or malice, express or implied, as well

16  as a conscious disregard for Plaintiff's rights. Therefore, Plaintiff is entitled to recover punitive

17  damages.

18  
19  
**THIRD CLAIM FOR RELIEF**
**DISABILITY DISCRIMINATION**
**42 U.S.C. §12111 *et. seq.* / NRS 613.330**

20      63.    Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through

21  62 of this complaint as though fully set forth herein.

22      64.    42 U.S.C. §12112 and NRS 613.330 provide that it is unlawful for an employer to

23  discharge from employment a qualified individual on the basis of his disability.

24      65.    At all times relevant, Plaintiff was an individual under the Americans with

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 727-3903

1    Disabilities Act as Amended ("ADA") in that he was an individual with a physical impairment that

2    substantially limited one or more major life activities (diabetes and neuropathy), had a record of

3    such impairment, and/or who was a person who was regarded and/or perceived as having such an

4    impairment or disability.

5    66.    Throughout his employment, Plaintiff could and did perform the essential functions

6    of his job, with or without an accommodation,

7    67.    Plaintiff was terminated from employment based on unsubstantiated allegations of

8    harassment by a subordinate.

9    68.    Defendant failed to perform a proper investigation into the allegation and declined

10    to interview any of Plaintiff's witnesses which would have corroborated his position and shown

11    that he did not engage in the behavior alleged against him.

12    69.    When Plaintiff made similar allegations previously, those allegations were not

13    investigated and no action was taken against his supervisor.

14    70.    Defendant's reasoning for terminating Plaintiff's employment was thus pretextual.

15    71.    To Plaintiff's knowledge, when he was terminated, the individual who took over his

16    duties did not suffer from diabetes or neuropathy and was not qualified for that position.

17    72.    Plaintiff thus was a member of a protected category who suffered adverse

18    employment action under suspicious or pretextual reasons, and was replaced by someone outside

19    of his protected category who was less qualified than Plaintiff for that position.

20    73.    Defendant has thus discriminated against Plaintiff on the basis of his disability in

21    violation of 42 U.S.C. §12111 *et. seq.* and NRS 613.330 *et. seq.*

22    74.    As a direct and proximate result of Defendant's actions, Plaintiff has been damaged

23    in an amount in excess of $15,000.

24    75.    As a further result of Defendant's actions, Plaintiff has been required to retain the

1  services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been

2  damaged thereby, and is entitled to reasonable attorneys' fees and costs.

3      76.     Defendant is also guilty of oppression, fraud, or malice, express or implied, as well

4  as a conscious disregard for Plaintiff's rights. Therefore, Plaintiff is entitled to recover punitive

5  damages.

### FOURTH CLAIM FOR RELIEF
### SEXUAL HARASSMENT/DISCRIMINATION
### 42 U.S.C. §2000e *et. seq.* / NRS 613.330

8      77.     Plaintiff repeats and realleges all the allegations contained in Paragraphs 1 through

9  76 of this Complaint as though fully set forth herein.

10     78.     As more fully set forth above, Plaintiff was subject to unwelcome, unconsented, and

11 harassing behavior of a sexual nature by his supervisor, who had authority to discipline him and

12 set the terms and conditions of his employment.

13     79.     This conduct is the type that a reasonable person in Plaintiff's position would find

14 to be sufficiently severe or pervasive.

15     80.     This sexually offensive conduct endured by Plaintiff was so severe and pervasive

16 that it was frequent, humiliating, and interfered with Plaintiff's ability to work.

17     81.     This sexual conduct was sufficiently severe or pervasive as to alter the

18 compensation, terms, conditions and privileges of Plaintiff's employment.

19     82.     Plaintiff reported this harassment to his employer – both the COO and the Human

20 Resources Director.

21     83.     Defendant, through its various personnel, knew of this sexually charged hostile

22 environment and took no action to stop it.

23

24

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 727-3903

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896  FAX: (702) 727-3903

84.     Given the aforementioned, Defendant's conduct was so severe and pervasive as to constitute an objective abusive hostile work environment in violation of Title VII and/or NRS 613.330.

85.     As a direct and proximate result of Defendant's actions, Plaintiff has been damaged in an amount in excess of $15,000.

86.     As a further result of Defendant's actions, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

87.     Defendant is also guilty of oppression, fraud, or malice, express or implied, as well as a conscious disregard for Plaintiff's rights. Therefore, Plaintiff is entitled to recover punitive damages.

## FIFTH CLAIM FOR RELIEF
### RETALIATION
### 42 U.S.C. §2000e-3(a) (Title VII) / NRS 613.340

88.     Plaintiff repeats and realleges all the allegations contained in Paragraphs 1 through 87 of this Complaint as though fully set forth herein.

89.     Plaintiff complained about his supervisor's harassing behavior to both Defendant's COO and Human Resources Director.

90.     The supervisor was close friends with both the Human Resources Director and the individual in charge of investigating allegations of harassment.

91.     In response to Plaintiff's complaints, Defendant, through the individuals described in paragraph 90 and others, elicited false allegations of discrimination and harassment from another employee against Plaintiff.

92.     Less than two months after he reported the harassing conduct, Plaintiff was suspended on the basis of those false allegations.

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 727-3903

1    93.    On June 10, 2021, Plaintiff was scheduled for an investigatory interview regarding

2    those allegations against him.

3    94.    At that interview, Plaintiff denied all wrongdoing. No specific evidence of

4    wrongdoing was ever presented to him.

5    95.    Plaintiff provided witnesses to corroborate his denial of wrongdoing. To his

6    knowledge, none of those witnesses were interviewed or contacted about the investigation.

7    96.    Plaintiff was thereafter terminated from his employment because of the allegations

8    against him.

9    97.    Defendant thus devised a scheme to terminate Plaintiff on false pretenses in

10    retaliation for his report of sexual harassment against his supervisor.

11    98.    Defendant knew of this retaliatory action through its various personnel, and took

12    no action to stop or correct it.

13    99.    As a direct and proximate result of Defendant's actions, Plaintiff has been damaged

14    in an amount in excess of $15,000.

15    100.    As a further result of Defendant's actions, Plaintiff has been required to retain the

16    services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been

17    damaged thereby, and is entitled to reasonable attorneys' fees and costs.

18    101.    Defendant is also guilty of oppression, fraud, or malice, express or implied, as

19    well as a conscious disregard for Plaintiff's rights. Therefore, Plaintiff is entitled to recover

20    punitive damages.

21

22    **WHEREFORE**, Plaintiffs pray for a judgment against Defendants as follows:

23    1.    For general, special, and consequential damages in excess of $15,000.00;

24    2.    For pre and post judgment interest as allowed by law;

1    3.  For attorneys' fees and costs incurred in this action; and

2    4.  For such other additional relief as the Court deems just and proper.

3    5.

4        Dated this _March 1, 2023_

5                                            Respectfully submitted,

6                                            By: _____
                                             Jeffrey Gronich, Esq.
7                                            Jeffrey Gronich, Attorney at Law, P.C.
                                             1810 E. Sahara Ave. Suite 109
8                                            Las Vegas, NV 89104
                                             Tel    (702) 430-6896
9                                            Fax    (702) 369-1290

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Jeffrey Gronich, Attorney at Law, P.C.
1810 E. Sahara Ave., Suite 109
Las Vegas, Nevada 89104
(702) 430-6896 FAX: (702) 727-3903

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _March 1, 2023_, I caused to be served a true and correct copy of the foregoing **PLAINTIFF'S FIRST AMEDNED COMPLAINT** on the following person(s) by electronically filing via the CM/ECF system utilized by this Court:

F. Tom Edwards, Esq.
John J. Pictum III, Esq.
Holley Driggs
300 S. 4th Street, Suite 1600
Las Vegas, Nevada 89101
tedwards@nevadafirm.com
jpictum@nevadafirm.com

*Attorneys for Defendant UMC*

_____/s/ Jeffrey Gronich_____
An Employee of Jeffrey Gronich, Attorney at Law, P.C

*Jeffrey Gronich, Attorney at Law, P.C.*
*1810 E. Sahara Ave., Suite 109*
*Las Vegas, Nevada 89104*
*(702) 430-6896 FAX: (702) 727-3903*